UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

      v.                                                          CASE NO. 6:21-mj-01507-GJK

DEVRON BROWN

**OPPOSITION TO DEFENDANT'S MOTION TO AMEND
CONDITIONS OF RELEASE AND CROSS-MOTION TO REVOKE RELEASE**

       The United States of America, by Karin Hoppmann, Acting United States Attorney for the Middle District of Florida, hereby submits the Government's Opposition to the Defendant's Motion to Amend Conditions of Release (the "Motion") and Cross-Motion to Revoke Release (the "Cross-Motion"), and in support thereof, states as follows:

**FACTUAL BACKGROUND**

       1.     On June 10, 2021, a federal grand jury in the Eastern District of Pennsylvania returned an Indictment charging Devron Brown ("the defendant" or "Brown") with two counts of bank fraud, in violation of 18 U.S.C. § 1344, and nine counts of money laundering, in violation of 18 U.S.C. §§ 1957, 2. On or about that same date, a warrant was issued for Brown's arrest.

       2.     As set forth in the Indictment, Brown signed, certified, and then caused two fraudulent PPP loan applications to be submitted on behalf of his purported construction business, Just Us Construction Inc. ("Just Us"), in June 2020 and February 2021. Based upon falsified federal tax forms and false representations regarding the

number of Just Us employees, the alleged wages and taxes paid by Just Us, and the intended uses for the PPP funds, Brown fraudulently obtained $937,500 in PPP loan proceeds on behalf of Just Us and fraudulently attempted to obtain a total of $1,871,750 in PPP funds.

3. The fraudulently obtained PPP loan proceeds were then used for personal and unauthorized purchases, including, for example, the purchase of a residential home in Deltona, Florida, a motorcycle, an all-terrain vehicle ("ATV"), a Lexus luxury automobile, and diamond jewelry, among other things.

4. On June 15, 2021, Brown was arrested at the Volusia County Sheriff's Office evidence facility, when he and another individual arrived to pick up the ATV that Brown had previously purchased with PPP loan proceeds. The Sheriff's Office had been holding the ATV, following a crash involving that vehicle.

5. During the course of Brown's arrest, the government did not take custody of the defendant's wallet, keys, or identification, but instead, these items were provided to the individual he arrived with at the time of his arrest. The government did seize Brown's iPhone incident to arrest and subsequently obtained a warrant to search the phone.

6. Contrary to Brown's assertion in his Motion, the government has not seized his bank accounts. Instead, the government has served, or attempted to serve, duly issued seizure warrants for many of the unauthorized items that Devron Brown purchased, or caused to be purchased, using fraudulently obtained PPP loan proceeds,

including the motorcycle, ATV, Lexus, diamond jewelry, and other personal assets, referenced above and in the Indictment.

7. On June 15, 2021, Brown appeared before the Honorable Thomas B. Smith, United States Magistrate Judge, for his initial appearance. At that time, Brown stipulated to identity, and the government argued for his detention pending his appearance in the Eastern District of Pennsylvania on the indicted charges.

8. At that hearing, the government argued that given the nature and seriousness of the offenses for which he is charged; Brown's extensive criminal history, which includes numerous convictions for making false identifications to law enforcement and failures to appear; his use of aliases, multiple dates of birth and social security numbers; the difficulty agents had in identifying a primary residence for Brown; and lack of verification of any of the information Brown provided to pretrial services on the day of his arrest, Brown was a serious risk of flight. Additionally, the government pointed out that at that very hearing when questioned by the Court regarding his assets, Brown failed to mention to the Court "seven acres of land in Maryland" that he purported to own when interviewed by pretrial services prior to the hearing.

9. When questioned by the Court about his assets, Brown represented to the Court, on June 15, 2021, that along with other properties in Georgia, North Carolina, and Pennsylvania related to his work as a contractor, he owned ten rental properties in Pennsylvania and Maryland.

10. Based upon the defendant's representations, the Court released Brown on conditions, including, but not limited to, the following: (1) the defendant "shall reside at

5206 Fox Quarry Lane, Sanford, Florida 32773;" (2) the defendant "must not violate any federal, state, or local laws;" (3) the defendant "shall surrender his passport and any passport cards of similar documents issued for purposes of international travel, if any, to his lawyer, or the Clerk of the Court, within the first two business days following his release from custody;" and (4) the defendant shall execute a $100,000 bond, secured by his "land in Maryland and ten rental homes." Doc. 6. Brown repeatedly signed a declaration under penalty of perjury, declaring that he or his purported businesses, Just Us and "Dirty Boys Construction," owned each of the assets listed below, such that they could be used as security for a $100,000 appearance bond. Doc. 5. He further declared under penalty of perjury, pursuant to 28 U.S.C. § 1746, that "all owners of the property securing this appearance bond are included on the bond" and that all of the information set forth in the bond "is true." Doc. 5.

- 1336 N. 26th St. Philadelphia, PA
- 1338 N. 26th St. Philadelphia, PA
- 4940 Lancaster Ave., Philadelphia, PA
- 2628 Cecil B. Moore Ave., Philadelphia, PA
- 2624 Cecil B. Moore Ave., Philadelphia, PA
- 4911 W. Girard Ave., Philadelphia, PA
- 2511, 2513, 2515, 2517, 2519, 2521 W. York St., Philadelphia, PA
- 13121 Charlestown Rd. Worton, Maryland 21678

11.  During the initial appearance and shortly thereafter, the government asked the Court and the United States Marshals to require some verification of Brown's ownership of those assets, but no verification was provided before he was released.

12.  According to the deeds and sales history (which will be filed under seal as Exhibit 1 upon authorization from the Court), it appears that Brown does not have any current ownership interest in six of the eight properties pledged as security for his

4

release. Brown does not own them now, and he did not own them last week, at the time he told the Court that he did. None of the current owners of those properties signed the appearance bond. As for the other two properties, one appears to be owned by a potential relative of Brown's named "Tevron Brown," and the other appears to be owned by a company called "Superior Universal Builders," which is an entity that Brown and others are involved in as principals. None of those other owners of these two properties signed the declaration pledging those properties as security for Brown's release.

13. Based upon public deed records and other documentation available as of June 17, 2021, the chart below shows a summary of the current ownership of each of the properties Brown unilaterally pledged as security for his appearance bond:

| Address (Philadelphia PA Unless Otherwise Noted) | Current Owner | Date Purchased | Purchase Price |
|---|---|---|---|
| 1336 N. 26th Street | Persons 1 & 2 | 11/12/2019 | $ 310,000 |
| 1338 N. 26th Street | Person 3 | 9/5/2018 | $ 192,000 |
| 4940 Lancaster Ave | Persons 4 & 5 | 5/7/2015 | $ 24,000 |
| 2628 Cecil B. Moore Ave | Person 6 | 12/18/2018 | $ 60,000 |
| 2624 Cecil B. Moore Ave | Non-Profit Corporation 1 | 8/7/1974 | $ 5,500 |
| 4911 W. Girard Ave | Person 7 | 5/9/1986 | $ 6,000 |
| 2511-2521 W. York Street | Superior Universal Builders | 7/10/2018 | $ 1 |
| 13121 Charlestown Road, Worton, MD | Tevron Brown | 3/4/2016 | $ 672 |

14. In addition, during his initial appearance on June 15, 2021, the Court asked Brown to identify an address in the Middle District of Florida, where he would live during the term of his requested pre-trial release. Brown told the Court that he

5

would be living at 5206 Fox Quarry Lane, Sanford, Florida 32773, throughout that period. Less than a week later, however, Brown is no longer living at that address.

15. Instead, it appears that Brown is now living at the Budget Inn, 3200 South Orlando Drive, Sanford, Florida, under someone else's name. When a representative from pretrial services asked Brown for that name on or about June 21, 2021, Brown said it was the name "Anthony" with no last name provided. Brown told pretrial services that he was moving to Maryland on July 1, 2021.

16. In addition, during his initial appearance, Brown represented to the Court that he did not have a passport. He failed to mention, however, that he had a reservation for an international flight in his own name from Miami, Florida to Aruba scheduled for June 22, 2021. According to an airline representative, that ticket was automatically cancelled on June 17, 2021.

17. Now, less than a week since his initial appearance and release on conditions, Brown wants to relocate to a third address, in a third jurisdiction, in an entirely different state, based upon his own representations that he will live at that new address. The latest proposed address is the property owned by "Tevron Brown," and it is in Maryland, well outside the district of this Court and the charging district.

18. Pursuant to Local Rule 3.01(g), the undersigned certifies that she has conferred with opposing counsel, who opposes this cross-motion to revoke release.

## MEMORANDUM OF LAW AND ARGUMENT

The defendant's Motion should be denied, and his release should be revoked. Brown appears to have lied to the Court about his purported real estate assets in order to

secure his release, and then he left the very address at which he was ordered to remain just last week. At his initial appearance, Brown also failed to disclose his pending reservation for an international flight. And now, Brown wishes to leave the state altogether to purportedly reside in a third jurisdiction, outside of both the arresting district and the charging district. In short, the defendant has effectively rendered his conditions of release meaningless, given that he has violated those conditions and perjured himself to obtain that release in the first place. The Court's order gave him a chance to post property, instead of being detained. Not having the property to post, the defendant lied to the Court. He has proven himself unreliable and, therefore, a risk of flight. At this point, there appear to be no legitimately posted assets securing his appearance. For all of these reasons, and as set forth more fully below, his Motion should be denied and the government's Cross-Motion should be granted.

Upon the government's motion, the Court "shall enter an order of revocation and detention," if, after a hearing, the Court finds there is "probable cause to believe that the person has committed a Federal, State, or local crime while on release," *or* (2) "clear and convincing evidence that the person has violated any other condition of release" *and* "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(1)(A)-(B), (b)(2)(B). Here, all three conditions are met.

*First*, there is probable cause to believe that Brown committed the crime of perjury in connection with his release, because there is documentary evidence showing he submitted a false declaration to the Court. On June 15, 2021, Brown declared in writing and under penalty of perjury that he owned eight properties in Pennsylvania and

7

Maryland, when it appears he did not own them. *See* Doc. 5. He further declared that all owners of those properties were included on the bond documentation, when they were not. Publicly available property records, which will be filed under seal as Exhibit 1, reflect that Brown had no current ownership interest in six of those properties as of June 15, 2021, and that the other two properties he purported to pledge as security, are owned in the name of a potential relative ("Tevron Brown") or a business entity with other principals ("Superior Universal Builders"), who all likewise did not review or sign the bond paperwork. In light of these facts, there is probable cause to believe Devron Brown perjured himself in a declaration to the Court on June 15, 2021. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

    ***Second***, there is clear and convincing evidence that Brown violated a condition of his release, because he failed to legally or legitimately pledge the property required to secure the court-ordered $100,000 appearance bond. The conditions of Brown's release were premised upon a $100,000 appearance bond secured by "defendant's land in Maryland and ten rental homes." *See* Doc. 6. As set forth above and in the attached documentation, it appears Brown does not own those identified properties and thus could not, and did not, lawfully pledge them as security for his appearance bond. As a result, there is clear and convincing proof that Brown violated the terms of his release.

    ***Third***, Brown has shown, by his own behavior, that he is unlikely to abide by any conditions of his release. Less than a week has passed since his initial appearance and release on conditions, and in that time period, it appears that: Brown misrepresented his assets to the Court; he failed to legally pledge the required security upon which his

release was predicated; he left the very residence he agreed to live at during his period of release; and now he seeks to leave the state altogether.  Given his apparent disregard for the conditions already imposed, it is unlikely that there are any conditions of release or combination of conditions that the defendant will abide or can be trusted to follow.

Wherefore, for all of the foregoing reasons, the government opposes the defendant's motion to amend his conditions of release and further respectfully requests that this Court revoke his release, pending his appearance on the indicted charges in the Eastern District of Pennsylvania.

        Respectfully submitted,

        KARIN HOPPMANN
        Acting United States Attorney

By:   */s/ Jennifer M. Harrington*
        JENNIFER M. HARRINGTON
        Assistant United States Attorney
        Florida Bar No. 0117748
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:  (407) 648-7500
        Facsimile:  (407) 648-7643
        E-mail:  Jennifer.Harrington2@usdoj.gov

U.S. v. DEVRON BROWN                                          Case No. 6:21-mj-01507-GJK

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 23, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    Todd Doss, Esq.
    Assistant Federal Defender

                                 */s/ Jennifer M. Harrington*
                                 JENNIFER M. HARRINGTON
                                 Assistant United States Attorney
                                 Florida Bar No. 0117748
                                 400 W. Washington Street, Suite 3100
                                 Orlando, Florida 32801
                                 Telephone: (407) 648-7500
                                 Facsimile: (407) 648-7643
                                 E-mail: Jennifer.Harrington2@usdoj.gov